FILED - USDC - FLMD - FTM
SEP 4 2026 AM10:52

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

Case No.: 2:26-cv-2482-SPC-NPM (Clerk will assign)

ROBERT R. PRUNTY, individually, and

MODEJA PRUNTY, individually,

Plaintiffs,

v.

THE WENDY'S COMPANY, a foreign corporation,

Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiffs, Robert R. Prunty, appearing Pro Se, and Modeja Prunty, appearing Pro Se, collectively sue the Defendant, The Wendy's Company, a foreign profit corporation, and state:

## I. JURISDICTION AND VENUE

1. This Court holds federal subject-matter jurisdiction over this civil action pursuant to **28 U.S.C. § 1332 (Diversity of Citizenship)**. The amount in controversy completely exceeds the statutory threshold of $75,000.00, exclusive of interest and costs, totaling a baseline demand of **$50,000,000.00**. Complete diversity exists because both individual Plaintiffs are citizens of the State of Florida, and the Defendant, The Wendy's Company, is a foreign profit corporation incorporated under the laws of Delaware or Ohio, maintaining its principal place of business outside the State of Florida.
2. Venue is proper in the Fort Myers Division of the Middle District of Florida pursuant to **28 U.S.C. § 1391** because a substantial part of the events, intentional omissions, and severe corporate-ratified privacy violations giving rise to these claims occurred

7. On or about August 2026, an internal Wendy's shift manager discovered the dangerous history and prior operational patterns of the daily harasser. Recognizing an imminent threat to life and safety, said manager acted as an internal whistleblower and immediately informed Modeja Prunty of Odom's past conduct.

8. Following this disclosure, **Wendy's General Manager Kiona Ellington** explicitly acknowledged the dangerous nature of the environment, stating directly to Modeja that the harasser Odom ***"needs to stop being a predator."*** Despite this verbal admission of an active predatory threat on her retail floor, General Manager Ellington and corporate supervisory handlers failed to take immediate administrative action.

9. Although the Plaintiffs prepared and delivered formal, physical paperwork detailing the fraudulent home invasion and the ongoing workspace tracking, the corporate Defendant intentionally chose to execute zero safety protocols. The Defendant **failed to issue a single written warning or formal trespass restriction** to the harasser, completely failing to bar him from the property. **(See: Exhibits A, B, C, D and E).**

10. Instead, corporate handlers forced Modeja Prunty to repeatedly stand her post and perform her job duties in close physical proximity to the unrestricted hazard.

11. By willfully tolerating an active stalker on its retail floor after its top manager openly identified him as a predator, the Defendant's intentional inaction directly breached its duty of care and pierced the domestic barrier of the Prunty household. The corporate hazard extended past the workspace and directly intruded upon the personal seclusion, private peace of mind, and domestic security of main Plaintiff Robert R. Prunty, who was

forced into a state of continuous emergency vigilance to protect his home from a known, corporate-ratified threat.

## CAUSES OF ACTION

### COUNT I: CORPORATE NEGLIGENCE

12. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13. Defendant, The Wendy's Company, owes a non-delegable duty of care to implement standard safety protocols and act reasonably upon receiving physical notice of an imminent threat or dangerous condition within its corporate-controlled facilities.

14. The Defendant corporation explicitly breached its duty of care by completely ignoring the written notifications and paperwork delivered to its management staff regarding the daily stalking patterns and domestic intrusions of the harasser.

15. As a direct and proximate result of the corporate defendant's negligent failure to implement safety protocols or train its management staff to handle stalking notices, the Plaintiffs were trapped in a dangerous environment and suffered severe emotional, psychological, and professional injuries.

## COUNT II: PREMISES LIABILITY

16. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17. As a commercial business operator, The Wendy's Company owes its invitees and employees a legal duty to maintain its physical premises in a reasonably safe condition and to correct or warn of known dangerous conditions.

18. The Defendant explicitly breached this duty by allowing a documented, persistent stalker unrestricted physical access to enter the facility daily.

19. By permitting a known hazard to utilize the commercial lobby and exterior grounds as a daily monitoring station without ever issuing a single written warning or trespass notice, the Defendant maintained an unsafe commercial environment, directly causing severe psychological trauma and impairment to the Plaintiffs.

## COUNT III: FAILURE TO MAINTAIN A SAFE WORKPLACE

20. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. Under Florida common law, an employer owes an absolute, non-delegable duty to its workforce to furnish a safe place to work and to protect employees from foreseeable hazards during their shifts.

22. The Defendant explicitly breached this duty by overriding standard corporate safety manuals and forcing Modeja Prunty to perform her job duties in close physical proximity to an active, un-restricted harasser.

23. As a direct and proximate result of this hostile and hazardous workplace design, Modeja Prunty suffered severe hyper-vigilance, emotional breakdown, and the total destruction of her workplace security.

**COUNT IV: JOINT INVASION OF PRIVACY (INTRUSION UPON SECLUSION)**

24. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. The daily harasser engaged in an intentional, severe, and highly offensive pattern of tracking, watching, and invading the physical seclusion and personal safety of Modeja Prunty within her active workspace, culminating in a deceptive residential intrusion under a fraudulent boat-sale pretext.

26. Because Defendant Wendy's corporate handlers were provided formal notification of this invasive behavior and intentionally chose to let it continue without issuing a written warning or trespass notice, the corporation directly ratified and enabled a severe invasion of the privacy and personal security of both Plaintiff Modeja Prunty and main Plaintiff Robert R. Prunty.

27. As a direct and proximate result of this un-remedied intrusion, the personal privacy and domestic security of both Modeja Prunty and Robert R. Prunty were completely

compromised, leading to profound psychological injuries and a total claim value of **$50,000,000.00.**

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, Robert R. Prunty and Modeja Prunty, respectfully demand judgment against the Defendant, The Wendy's Company, for all allowable damages under law, and specifically request the court to award the following:

1. **Compensatory and Punitive Damages:** Award a total sum of **$50,000,000.00 (Fifty Million Dollars and Zero Cents)** to address the severe, long-term emotional distress, profound mental anguish, physical hyper-vigilance, and the complete destruction of personal security and privacy suffered by the Plaintiffs due to the Defendant's gross negligence, willful blindness, and active ratification of an unrestricted stalking threat without ever issuing a single written warning or trespass notice.
2. **Special Damages:** Award full compensation for all current and future lost wages, total loss of future earning capacity resulting from forced workplace displacement, and all lifetime clinical therapy, psychiatric evaluation, or medical counseling costs.
3. **Injunctive Relief:** Enter an immediate corporate mandate ordering The Wendy's Company to execute strict structural workplace safety protections, implement specialized management training for stalking notifications, and issue an official, permanent, written no-trespass order legally barring the harasser from the premises under penalty of arrest.

4. **Costs:** Award the Plaintiffs all allowable filing fees, service of process costs, and administrative expenses incurred in pursuing this federal action.

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand a trial by jury on all issues, claims, and counts so triable as a matter of right.

Dated: August 30, 2026

Respectfully submitted,

______________________________

**Robert R. Prunty,** *Plaintiff Pro Se*

427 W. Hickory Street, Arcadia, Florida 34266

Phone: (863) 991-5195

Email: themrmodady@gmail.com

______________________________

**Modeja Prunty,** *Plaintiff Pro Se*

427 W. Hickory Street, Arcadia, Florida 34266

## INDEX OF ATTACHED EXHIBITS

**EXHIBIT A:** Official Florida Department of Law Enforcement (FDLE) Public Status Report and Registry Records for Leland Clarence Odom.

**EXHIBIT B:** Sworn Evidentiary Affidavit of Third-Party Witness Karen, detailing firsthand observations of workspace tracking and predatory behavior.

**EXHIBIT C:** Sworn Evidentiary Affidavit of Plaintiff Robert R. Prunty, detailing the June 18, 2026 fraudulent residential trespass at 427 West Hickory Street.

**EXHIBIT D:** Sworn Evidentiary Affidavit of Plaintiff Modeja Prunty, detailing the workplace stalking environment and management's failure to intervene.

**EXHIBIT E:** Duplicative Copies of the Formal written notices prepared, executed, and physically delivered to The Wendy's Company Management Staff.

**EXHIBIT F:** Certified True Copies of the official notices, incident logs, and service filings delivered to the DeSoto County Sheriff's Office and the Florida Department of Law Enforcement (FDLE).

**EXHIBIT G:** Formal Certificate of Service executed by the Plaintiffs, documenting the service of this Summons, Complaint, and Evidentiary Exhibits upon the Defendant of record.

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**FORT MYERS DIVISION**

Case No.: ____________________ (Clerk will assign)

**ROBERT R. PRUNTY, individually, and**

**MODEJA PRUNTY, individually,**

**Plaintiffs,**

**v.**

**THE WENDY'S COMPANY, a foreign corporation,**

**Defendant.**

**EXHIBIT G: CERTIFICATE OF SERVICE**

We hereby certify that on this ____ day of August, 2026, a true and correct copy of the foregoing Complaint, Demand for Jury Trial, Civil Cover Sheet, and all accompanying Evidentiary Exhibits (Exhibits A through F) has been served upon the Defendant of record via United States Postal Service Certified Mail, Return Receipt Requested, addressed to the registered corporate service agent of the Defendant as follows:

**The Wendy's Company**

**c/o Corporation Service Company, Registered Agent**

**1201 Hays Street**

**Tallahassee, FL 32301-2525**

Respectfully submitted,

Robert R. Prunty, Plaintiff Pro Se

427 W. Hickory Street,

Arcadia, Florida 34266

Modeja Prunty, Plaintiff Pro Se

427 W. Hickory Street, Arcadia, Florida 34266