UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. PRUNTY and
MODEJA PRUNTY,

Plaintiffs,

v. Case No.: 2:26-cv-2482-SPC-NPM

THE WENDY'S COMPANY,

Defendant.

---

**OPINION AND ORDER**

Before the Court is pro se Plaintiffs Robert R. Prunty and Modeja Prunty's complaint. (Doc. 1). Because the complaint is a shotgun pleading, the Court dismisses it without prejudice and with leave to amend.

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun pleadings violate this rule "by fail[ing] . . . to give the defendant adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm City Beach Cnty. Sheriff's Office*, 792 F.3d 1316, 1321–23 (11th Cir. 2015) (defining the four types of shotgun pleadings). "[D]istrict courts have a duty to sua sponte order repleading when faced with a complaint that can be characterized as 'shotgun.'" *Bourjolly v.*

*Werner Auto. Holdings*, No. 6:25-CV-15-DCI, 2026 WL 1004619, at *2 (M.D. Fla. Apr. 14, 2026) (collecting cases).

The complaint is a shotgun pleading because it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. In each count, Plaintiffs reallege and incorporate by reference all preceding paragraphs "as if fully set forth herein." (Doc. 1 ¶¶ 12, 16, 20, 24). Plaintiffs must incorporate or separately allege under each count only the facts that are relevant to that count.[1]

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Even so, in non-merits dismissals on shotgun pleading grounds, the Eleventh Circuit requires district courts to allow a litigant one chance to remedy such deficiencies. *See, e.g.*, *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006). This is Plaintiffs' chance.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' complaint (Doc. 1) is **DISMISSED without prejudice**.

[1] The complaint, which is missing a page, also fails to properly allege the citizenship of Defendant. (*See* Doc. 1 at 2–3).

2. On or before **September 25, 2026**, Plaintiffs must file an amended complaint that corrects the deficiencies outlined above. **Failure to comply may result in the Court dismissing and closing this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on September 11, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record